1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY EDWARD MACK,                    )        No. C 02-3263 SBA (PR)
                                        )
            Plaintiff,                  )        **ORDER DENYING STAY IN**
v.                                      )        **PROCEEDINGS AND GRANTING**
                                        )        **DEFENDANTS' REQUEST FOR**
A. A. LAMARQUE, et al.,                 )        **AN EXTENSION OF TIME TO**
                                        )        **FILE A MOTION FOR SUMMARY**
            Defendants.                 )        **JUDGMENT**
                                        )
_____ )        (Docket nos. 67, 75)

        Plaintiff is a prisoner of the State of California who is incarcerated at CSP-Sacramento in

Represa, California.  He filed this pro se civil rights action against Defendants at Salinas Valley State

Prison (SVSP) on July 9, 2002.

        On March 20, 2003, the Court dismissed Plaintiff's complaint with leave to amend, including his

Eighth Amendment claims.  On May 7, 2003, Plaintiff submitted a first amended complaint which, on

May 23, 2003, the Court ordered served on Defendants.  Plaintiff did not reassert his Eighth

Amendment claims in the amended complaint.  On January 16, 2004, the served Defendants filed a

motion to dismiss the complaint on the grounds that Plaintiff failed to state a claim upon which relief can

be granted and that Plaintiff failed to exhaust his administrative remedies with respect to each of his

claims.  On March 25, 2004, Plaintiff filed an opposition to the motion to dismiss, and on April 6,

2004, Defendants filed their reply.  Thereafter, with leave of Court, Plaintiff filed a second amended

complaint on April 16, 2004, which contained only one Eighth Amendment claim which the Court

previously dismissed with leave to amend.  In an Order dated September 21, 2004, the Court granted

in part and denied in part Defendants' motion to dismiss.  Four of the claims from Plaintiff's original and

first amended complaints, as well as the Eighth Amendment claim in his second amended complaint

were dismissed by the Court for failure to exhaust.  The Court ordered Plaintiff's action to proceed with

the remaining seven claims.  The Court directed Defendants to file a motion for summary judgment

within ninety (90) days of its order.

        On November 9, 2004, Defendants filed a motion to stay proceedings in the case pending the

Ninth Circuit's resolution of <u>Lira v. Herrera, et al.</u>, Ninth Circuit Case No. 02-16325 [<u>Lira v. Director of Corrections of the State of California</u>, No. C 00-905 SI (PR), 2002 WL 1034043 (N.D. Cal. May 17, 2002)].  Defendants argue that the issue in <u>Lira</u> is whether the PLRA contains a total exhaustion requirement and that the Ninth Circuit's determination of this issue could prove dispositive of the instant case.[1]  On December 7, 2004, Plaintiff filed an opposition to Defendants' motion to stay.  Plaintiff argues that the instant case is distinguishable from <u>Lira</u> because this case includes numerous claims and <u>Lira</u> only deals with one claim.  Plaintiff also argues that <u>Lira</u> was decided on Summary Judgment, while there has been no motion for summary judgment filed in the instant case.  On December 13, 2004, Defendants filed an Ex Parte Request for an Extension of Time to File a Motion for Summary Judgment, up to and including February 3, 2005.  The Court granted Defendants' first request for an extension of time on December 16, 2004.  On January 24, 2005, Defendants filed a second Ex Parte Request for an Extension of Time to File a Motion for Summary Judgment, Pending the Court's Ruling on Defendants' Outstanding Motion for a Stay.

The Court is unpersuaded by Defendants' arguments to stay the proceedings in this action pending the Ninth Circuit's decision in <u>Lira</u>.[2]  The Court finds that in the interests of justice this case, which has been pending since 2002, should proceed expeditiously toward a resolution.

Accordingly, the Court DENIES Defendants' motion to stay (Docket no. 67) and GRANTS Defendant's request for an extension of time to file a motion for summary judgment (Docket no. 75).  The time in which Defendants may file their Motion for Summary Judgment will be extended to no later than **thirty (30) days** of the date of this Order.  Plaintiff shall file his response no later than **forty-five (45) days** after receipt of Defendants' motion for summary judgment.

Within **thirty (30) days** of the issuance of the Ninth Circuit's decision in <u>Lira</u>, Defendants shall file a renewed motion to dismiss as appropriate based on the <u>Lira</u> decision.  Plaintiff shall file his

---

[1]  Defendants argued in their motion to dismiss that under the PLRA, Plaintiff's failure to exhaust some of his claims prior to filing suit required the dismissal of the entire case under the "total exhaustion rule."  In its Order dated September 21, 2004, the Court rejected Defendants' argument and followed those courts that have concluded that the PLRA does not contain a total exhaustion rule, absent contrary authority from the Ninth Circuit.  (See September 21, 2004 Order at 5-6.)

[2]  According to the Ninth Circuit Docket Sheet for <u>Lira</u>, oral argument at the Ninth Circuit occurred on November 2, 2004 and additional briefing was served on the panel on May 16, 2005.  The Ninth Circuit has not issued its decision in <u>Lira</u> as of the date of this Order.

response no later than **forty-five (45) days** after receipt of Defendants' motion to dismiss.

IT IS SO ORDERED.


DATED: 6/8/05

s/Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge